### RABE v. CONSOLIDATED ICE CO.

(Circuit Court, N. D. New York. February 2, 1899.)

MASTER AND SERVANT—NEGLIGENCE—PLEADING.

A complaint which, by fair intendment, alleges that plaintiff, while in the employ of defendant, received injuries through the failure of defendant to guard a dangerous set screw, which caught and mangled plaintiff's arm while he was in the discharge of his duties, in ignorance of the existence of the screw, is sufficient on demurrer.

John S. Wolfe, for plaintiff.
William H. Rand, Jr., for defendant.

COXE, District Judge. This is an action to recover damages for an injury alleged to have been received by the plaintiff through the negligence of the defendant. The defendant demurs on the ground that the complaint does not state a cause of action. The

complaint will be deemed to contain every fact which by fair intendment can be implied from its allegations. The complaint bears evidence of being hastily drawn. It contains averments which might better have been omitted and omits averments which, it would seem, might better have been stated. Notwithstanding this it is thought that the complaint can be construed to state a cause of action. It may be interpreted as alleging that the plaintiff while in the employ of the defendant received injuries through the failure of defendant to guard a dangerous set screw, the existence of which was unknown to the plaintiff, which caught and mangled the plaintiff's arm while he was in the discharge of his duties in its immediate vicinity.

The question is an interesting one, and by no means free from doubt, but it is thought wiser not to determine it upon demurrer but upon the facts as they appear at the trial. In addition to the cases cited in the briefs, the attention of counsel is called to the following: Southern Pac. Co. v. Lafferty, 6 C. C. A. 474, 57 Fed. 536; Car Co. v. Harkins, 5 C. C. A. 326, 55 Fed. 932; Railway Co. v. Kellogg, 94 U. S. 469. The demurrer is overruled. The defendant may answer within 20 days.